## CAMPBELL & BROTHERS *v.* AYRES.

Where it appeared from affidavits in a cause, that the cause was tried in the court below, on the last day of the term; that while the jury were in their room, deliberating on their verdict, the court sent them oral instructions, by the bailiff; that after the jury returned a verdict for the plaintiff, the defendant moved the court to set aside the verdict, and grant a new trial; and that while his counsel was arguing this motion, the judge adjourned the court *sine die*, refusing either to sustain or overrule the motion, and refusing to grant the counsel time to prepare a bill of exceptions, the judgment of the District Court was reversed, and a new trial granted.

### *Appeal from the Polk District Court.*

THIS was an action commenced before a justice of the peace, to recover eighty dollars, as the value of a yoke of oxen and a yoke, sold to defendant, with interest thereon, and seven dollars and sixty cents as costs incurred by the plaintiffs in a suit by them against Benton Post, upon a note of said Post, transferred to plaintiff by the defendant. It appears that the defendant partly paid for the above chattels, by delivering to plaintiff a promissory note for fifty dollars, made by said Post, payable to one Perkins or order, and not indorsed; and that the plaintiffs sued said Post upon the note, before a justice of the peace, and failed in their action. The bill of exceptions from the District Court states that the

plaintiffs proved that the note was "traded" to them as above stated; that they sued the maker, Post, in their own names, but did not prove, (in the District Court,) that the note was assigned to said Campbell & Brothers; that they offered Post as a witness, to prove that he had paid the note before Ayres had "traded" it to the plaintiff. This was objected to, and the objection was overruled, and the defendant, Ayres, excepted. The defendant then requested the court to instruct the jury, that Campbell & Brothers could not maintain a suit, ("had no right to bring a suit,") in their own names, on the note payable to Perkins or order, unless the note was assigned to them—which instruction was refused. It also appears, by affidavits, that the trial took place on the last day of the term; that while the jury were in their room, considering on their verdict, the court sent oral instructions to them, by the bailiff, directing them to allow the note as evidence; that after the jury returned with a verdict in favor of the plaintiff, the defendant moved the court to set aside the verdict, and grant a new trial; and while his counsel was arguing this motion, the judge adjourned the court *sine die*, refusing either to sustain or to overrule the motion, and refusing to grant the counsel time to prepare a bill of exceptions. The defendant appeals.

*Jewett & Hull*, for the appellants.

*C. Bates*, for the appellee.

WOODWARD, J.—Undoubtedly a portion of the business of the District Court is done with a haste, or under other circumstances, very unfavorable to regularity and safety. This may sometimes occur through necessity, as when a verdict is rendered in the last hours of the term. But as a party's only security lies in the right of appeal, we hold it of the first degree of importance, that the court should enable him to place his cause in such position as he may choose, consistent with truth. The heart of a cause, the weightiest questions and the largest interests, may be embraced in a

motion for a new trial, or in a bill of exceptions. There is no part of a cause which is of more importance. In the present case, it appears that the court refused to rule either way upon the defendant's motion, refused time and an opportunity to prepare a bill, and adjourned court *sine die*, in the midst of his argument. If the court were disinclined to hear the argument, there were other more appropriate methods of signifying it; and if the term were so near expiring, that there was no time to do what was asked, the motion and all proceedings should have been continued to the next term. In relation to the alleged irregular manner in which the matter is brought before this court, the answer is, that the action of the court cut off all the usual and regular modes of proceeding. The ordinary rules and methods are adapted to the usual and orderly manner of conducting a trial; if the court cuts them off in an unusual manner, the remedy must be sought in an unusual method. One of the duties of this court, is to exercise a supervisory control over the other tribunals, and it would be a reproach to the law, if the extraordinary action of the court could be shown only by the usual methods, which presuppose an ordinary action.

The very complaint here is, that the court refused to hear—to rule on the questions—to permit a bill of exceptions—to allow a motion for a new trial; but adjourned *sine die*, in the midst of the proceedings. After this, to require that these things should appear in the usual manner, does not carry the air of sincerity. On this ground, a new trial must be granted.

In a bill of exceptions taken at an earlier stage of the cause, the defendant saves the point that the court refused to instruct the jury, that the plaintiffs could not maintain their action on the note of Post before the justice, in consequence of the note not being indorsed, whilst the action was in their own name; but he has not assigned this as error. Yet, as the cause may be tried again, we will say that the instruction should have been given. It had a material bearing on the question, *how* the plaintiffs came to fail in their action before the justice.

The defendant also urges an objection to admissibility of the testimony of Post, who gave the note first sued on. His bill of exceptions covers this, but he assigns no error upon it, either as to the admissibility of the testimony, or as to the competency of Post as a witness. The judgment of the District Court is reversed and set aside, and a new trial is granted.